**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Ronald Jefferson Davis, Jr.,<br><br><br><br><br><br>Debtor. | C/A No. 11-07525-DD<br><br>Chapter 7<br><br>**ORDER DENYING MOTION TO EXTEND STAY TO 1842 CAPITAL, LLC** |

This matter is before the Court on the motion by Ronald Jefferson Davis, Jr. ("Debtor") to extend stay to 1842 Capital, LLC, which was entered on August 22, 2012. The Federal Deposit Insurance Corporation, as Receiver of Georgian Bank, ("FDIC-R") filed a response to Debtor's motion to extend stay, which was entered on September 28, 2012. Debtor submitted a reply. The Court held a hearing on October 9, 2012, at which it issued a tentative ruling denying the motion to extend stay. After careful consideration, the Court issues the following findings of fact and conclusions of law with respect to Debtor's motion to extend stay.

1842 Capital, LLC ("1842 Capital") is a single member limited liability company formed by Debtor. 1842 Capital is a defendant in a lawsuit pending before the United States District Court for the Northern District of Georgia, *Federal Deposit Insurance Corporation, as receiver of Georgian Bank v. 1842 Capital, LLC et al.*, Case Number 1:10-cv-2621-WSD ("district court action"). FDIC-R is the plaintiff in the district court action. In its response, FDIC-R states that the district court has awarded over $5 million to it against 1842 Capital for breaching a loan agreement and authorized it to pursue a fraud claim against 1842 Capital. Debtor requests that the automatic stay under 11 U.S.C. § 362(a) be extended to cover 1842 Capital.[1] Debtor is also a

---

[1] Debtor also filed a motion to extend the stay in the district court action. The District Court signed an Order on September 25, 2012, which was submitted to this Court on September 28,

1

defendant in the district court action.  However, the matter is stayed as to Debtor by virtue of his bankruptcy filing.

The Fourth Circuit has "recognized that a bankruptcy court has the power to stay actions against a non-debtor." *In re G&L Drywall, Inc.*, 63 Fed. Appx. 663, 665 (4th Cir. 2003) (per curiam).  However, the exception to the general rule that the automatic stay is not available to third parties is "narrow" and exists in "unusual situation[s]."  *Winters ex rel. McMahon v. George Mason Bank*, 94 F.3d 130, 134 (4th Cir. 1996).  The Fourth Circuit has held that such unusual circumstances arise when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.  An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).  Debtor does not assert 1842 Capital is entitled to absolute immunity from him for any judgment that might be entered against 1842 Capital in the district court action.  Consequently, the unusual situation identified in *A.H. Robins Co.* does not exist here.  Nor has Debtor sufficiently demonstrated any other unusual circumstance that would justify extending the stay.  Moreover, while Debtor's case is under Chapter 7, all of the cases relied on by Debtor in his motion are reorganization cases.  Debtor has not identified any cases outside the reorganization context where the court extended the stay to a third-party defendant.

---

2012.  In the Order, the District Court concluded that the power to extend the automatic stay to non-debtors is part of the Bankruptcy Court's equitable powers under 11 U.S.C. § 105(a) and that to the extent Debtor wanted the Bankruptcy Court to use its equitable powers to extend the stay, those arguments should be addressed to the Bankruptcy Court.  Accordingly, the District Court denied Debtor's motion to extend the stay without prejudice.

For the reasons set forth herein, Debtor's motion to extend stay to 1842 Capital, LLC is denied.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**10/19/2012**



Entered: 10/19/2012

David R. Duncan
US Bankruptcy Judge
District of South Carolina